IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

GWENDOLYN ADDERLY,           *

    Claimant,                *

v.                                CASE NO. 5:06-CV-262 (HL)
                                                         *    Social Security Appeal

JO ANNE BARNHART,
Commissioner of Social Security,   *

    Respondent.              *

## **RECOMMENDATION OF DISMISSAL**

Before the court is the Commissioner's Motion to Dismiss for failure to exhaust available administrative remedies filed on October 12, 2006. Claimant was given Notice of the Motion to Dismiss (R-9), but failed to file a response.

The facts reveal that on August 23, 2005, the Administrative Law Judge (ALJ) issued a fully favorable decision. (R-8-3). Although the application at issue was filed on June 22, 2004, the ALJ determined that her September 25, 2003, application could be re-opened and re-visited. *Id*. The ALJ then determined that Claimant, based on her September 25, 2003, protectively filed application, was disabled beginning July 19, 1996, and that the disability had continued at least through the date of the decision. *Id*. On November 1, 2005, Claimant filed a request for review. (R-8-4). Claimant contends that she should be found disabled based on a disability application she filed in July of 1996. *Id*. However, an electronic printout from the Social Security Administration shows a filing date of January 28, 1997, and there is no

indication that the denial of that application was ever appealed. (R-8-5).

On June 5, 2006, the Appeals Council denied Claimant's request for review of it's August 23, 2005, decision. (R-8-6). The Appeals Council noted Claimant's request to re-open her earlier application. *Id.* The conditions for re-opening a claim are listed in 20 C.F.R. 416.1488. In addition, 20 C.F.R. 416.1489 discusses when good cause will be found to re-open a determination. The Council informed the Claimant that they were sending her request to the Administrative Law Judge to determine if good cause existed to re-open her prior (1997) claim. *Id.* On August 2, 2006, the Claimant filed the above-styled case. (R-1). The Defendant submitted a Declaration of John J. Timlin, the Acting Chief of Court Case Preparation and Review Branch Iv of the Office of Appellate Operations, Office of Disability Adjudication and Review, Social Security Administration. (R-8-2). In said Declaration, Mr. Timlin submits that "The Appeals Council will return the claim file to the ALJ to consider whether there is good cause for reopening when the case is dismissed by the court." *Id.*

The first issue this Court must address is whether it has subject matter jurisdiction to review this claim. Subject matter jurisdiction for judicial review on claims arising under the Social Security Act (Act) is provided for and limited by 42 U.S.C. § 205(g) and (h), as amended 42 U.S.C. § 405(g) and (h). Under the Act, a court may only review a "final decision of the Secretary made after a hearing to which [the claimant] was a party." *Id.* In order to obtain a "final decision," Claimant must follow the administrative procedures prescribed by

the Secretary.[1] The issue of re-opening Claimant's prior claim has been re-submitted to the ALJ for determination and has not yet been decided upon. Because there has been no final judgment by the Commissioner in this case, therefore, the Claimant has not exhausted her administrative remedies, a requirement to bringing the action in the United States District Court.

WHEREFORE, it is hereby recommended that this case be DISMISSED without prejudice for the Claimant's failure to exhaust her administrative remedies. The Claimant may re-file once the Commissioner has made a final decision in the matter.

Pursuant to 28 U.S.C. § 636(b)(1), Claimant may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within ten (10) days after being served a copy of this recommendation.

**SO RECOMMENDED** this 17th day of May, 2007.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

mZc

---

[1] If Claimant does not exhaust these procedures, the Claimant may obtain judicial review if she raises a constitutional claim. According to the Supreme Court "[c]onstitutional questions obviously are unsuited to resolution in administrative hearing procedures and, therefore access to courts is essential to the decision of such questions. . . . [W]hen constitutional questions are in issue, the availability of judicial review is presumed, and we will not take the 'extraordinary' step of foreclosing jurisdiction unless Congress' intent to do so is manifested by 'clear and convincing' evidence." *Califano v. Sanders*, 430 U.S. 104, 109, 97 S. Ct. 980, 986 (1977). However, Claimant has not argued that the termination of her benefits violated her constitutional rights.